HETFIELD *v.* TOWSLEY *et al.*

An officer not liable in trespass for the erroneous exercise of official acts, if he did not exceed his authority or act corruptly.

APPEAL *from Muscatine District Court.*

*Opinion by* KINNEY, J.   Plaintiff sued Towsley and others in an action of trespass, for taking and driving away one yok eof oxen. To this, Towsley pleads the general

Hetfield *v.* Towsley.

issue, and also a special plea, stating that at the time of the alleged trespass he was acting as justice of the peace, and that a suit was brought before him by Litterell against Hetfield, upon a note, upon which an attachment was issued, and the oxen, which are alleged to have been taken by defendant, were attached. The proceedings before him as justice are also set out in his plea; final judgment having been rendered against the said Hetfield. And the defendant says that all he had to do with the supposed trespass was done in his official capacity, and that if he committed any error, the same was an error in judgment only, for which he is not responsible as a trespasser. Jeans files his special plea, stating that he was acting as constable, and took the oxen as such by virtue of process, &c.

To these pleas the plaintiff demurred, but the court overruled the demurrer, and the plaintiff, abiding by his demurrer, appealed to this court, and assigns the decision for error.

We see no objection to the ruling of the court. The pleas were a good defense to the action. The justice and constable in what they did, were in the performance of official duty. Unless they exceeded their jurisdiction, or acted corruptly, or without authority of law, they are not liable. Although the justice might have acted erroneously, still he was not liable as a trespasser. The injured party had his remedy by *certiorari* or appeal. The demurrers admit the official character of the officers, and also that they acted in good faith, as stated by them in their special pleas.

Judgment affirmed.

*S Whicher*, for appellant.

*W. G. Woodward* and *J. S Richman*, for appellee.